# Thomas *v.* The State.

*Prosecution for Removing or Concealing Property subject to Lien or Claim.*

1. *Concealing property subject to lien or claim.*—To constitute the offense of buying, receiving or concealing personal property, "for the purpose of hindering, delaying or defrauding any person who has a valid claim thereto" (Code, § 3835), knowledge of the existence of

4

such claim must precede the act of buying, receiving, or concealment; and where it appears that the defendant bought the property without knowledge of the claim, and disposed of it before notice, he can not be convicted of concealing it, merely because he refused to tell where it was, or to give information which might lead to its discovery.

FROM the Criminal Court of Pike.

Tried before Hon. WM. L. PARKS.

The appellant in this case was arrested, tried and convicted, under a warrant which was issued upon the following affidavit, made by one W. K. Cameron: "Preston Thomas, with intent to hinder, delay or defraud affiant, who had a valid claim thereto, removed or concealed one bedstead, springs and mattress, of the value of ten dollars, with a knowledge of the existence of such lien, against the peace and dignity of the State," &c. All other facts appear in the opinion of this court.

No counsel marked for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Defendant was prosecuted under section 3835 of the Code of 1886. The criminating testimony against him tended to show that one Cameron sold some furniture to McPherson on the installment plan, the title to the furniture to remain in Cameron, the seller, until the purchase-price should be paid; that the furniture had not been paid for in full; that McPherson sold and delivered the furniture to defendant, and that defendant had let part of the furniture to some one else, whose name is not disclosed. At this stage, Cameron, learning that McPherson had disposed of the furniture to defendant, informed the latter of the nature of his claim, and demanded its surrender to him. The testimony tends to show that this was the first information Thomas had that the furniture was not fully paid for, or that Cameron had any claim to it. The defendant refused to surrender the furniture, saying that he had bought it from McPherson; and he further stated he had rented it to some boys, and he declined to tell where it was. Cameron, on this state of facts, instituted an action of detinue for the furniture, and also the warrant which originated the present prosecution. When the officer went in search of the furniture, that he might seize it under the writ in detinue, the defendant again declined to state where it was.

Omitting such portions of the statute—Code, § 3835—as do

[Elmore v. The State.]

not apply to this case, its language is: "Any person who, . . for the purpose of hindering, delaying or defrauding any [other] person who has a claim thereto under any . . . lawful or valid claim, verbal or written, . . buys, receives, or conceals any [personal] property, with knowledge of the existence of such claim, must, on conviction, be punished as if he had stolen the same." It will be perceived on reading this statute that, to constitute the offense it intends to punish, knowledge of the valid claim must precede the act of buying, receiving, or concealing.

The court gave the following charge to the jury: "Though the jury may believe from the evidence that, at the time he [defendant] bought the furniture, and at the time he rented the same out, he had no knowledge of the claim of Cameron; yet if, after Cameron had informed him of such claim, he refused to tell where the furniture was, or give him information which would lead to its discovery, then this would be a concealment, although he had disposed of the furniture before such knowledge came to him." There was exception to this charge.

The word *conceal*, in this statute, is employed in its primary sense—"to hide from sight or observation; to secrete; to cover." It implies some act done, or procured to be done, which is intended to prevent or hinder the discovery of the thing searched for. A mere failure or refusal to give information is not enough. If it were, a mere stranger, having knowledge of the whereabouts of property to which another has a claim, and refusing to disclose it, would incur the odium attached to this statutory crime. The Criminal Court erred in giving this charge.

Reversed and remanded.